## JOHN F. WETHERBEE *vs.* LAWRENCE B. NORRIS.

On the trial of an action on a promissory note, in which all the evidence was addressed to the issue whether the note was a forgery, and no other issue was directly raised or investigated, the judge refused as inapplicable a request of the defendant for instructions to the jury on the measure of damages in event that they should be satisfied that the note was genuine but given for too large a sum by fraud or mistake. *Held,* that the defendant had no ground of exceptions.

When on a trial the credibility of a witness is sought to be impeached by evidence of his reputation for truth and veracity, it is within the discretion of the presiding judge to require the impeaching witnesses to be first asked whether they know the reputation of the witness in that respect.

CONTRACT on an account annexed for $682.25, and on a promissory note for that sum payable on demand, with interest both counts being for the same cause of action.

At the trial in the superior court, before *Putnam, J.,* " the only issue presented to the jury, when the evidence was put in, was, whether or not the note was signed by the defendant." He contended that the plaintiff had forged the signature; and he testified that a less sum was due from him to the plaintiff at the date of the note, and that he gave a note for that sum to the plaintiff at that time; but the plaintiff contended that the note in suit was the only one given to him by the defendant.

The defendant requested the judge to instruct the jury " that, if they should be satisfied, upon the whole evidence, that at the time of the settlement between the plaintiff and the defendant the balance due from the defendant to the plaintiff was less than the amount of the note in suit, they should find their verdict for the plaintiff for the amount then due, and interest thereon from that time;" but the judge declined so to instruct the jury, and instructed them " that, if they should find that the note for $682.25 was signed by the defendant, they should return their verdict for that amount, and interest thereon from the date of the note."

" The plaintiff testified as a witness in his own favor, at the trial. The defendant called a large number of witnesses, residing in the same place with the plaintiff, for the purpose of proving that the character of the plaintiff for truth and veracity

was bad. The judge required of the defendant that each of the witnesses should be first asked this question, 'Do you know the reputation of the plaintiff for truth and veracity?' If the witness said he did, he was then to be asked, ' What was that reputation?' To this the defendant objected, on the ground that it was an inquiry into the means of knowledge of the witness. One witness, called by the defendant, upon this preliminary question being put to him, answered that he did not know it. The defendant did not put any further questions to him, and he was allowed to leave the stand."

The jury found for the plaintiff for the amount of the note and interest; and the defendant alleged exceptions.

*E. A. Kelly*, for the defendant.

*T. H. Sweetser & L. W. Osgood*, for the plaintiff.

MORTON, J. 1. It appears from the bill of exceptions that the only issue presented to the jury, when the evidence was put in, was, whether or not the note in suit was signed by the defendant. To this issue all the evidence was addressed. The defendant claimed that the note was forged, and to sustain this fact testified that when the note was dated he owed the plaintiff a less sum, and gave his note therefor, but did not give the' note in suit. The trial proceeded exclusively upon the ground that the note was forged, and the question of the amount due by the defendant to the plaintiff at the date of the note was not raised or investigated, except thus incidentally. The defendant denied the genuineness of his signature to the note; but did not raise the defence that by fraud or mistake it was given for too large a sum. In this state of the case, the instruction requested by the defendant was not appropriate or applicable to the evidence, and was rightly refused.

2. The ruling of the presiding judge that each of the witnesses called to impeach the plaintiff should be first asked the question, " Do you know the reputation of the plaintiff for truth and veracity?" is not the subject of exceptions. The practice upon this subject differs in different courts. In this state, no practice is established as a rule of law, but it is within the discretion of the presiding judge to require the preliminary ques-

tion above stated to be asked of each witness if he shall deem that the interests of justice require it.   The same principle is applicable to the examination of witnesses upon other subjects. It often occurs, in the trial of cases, that the judge is called upon to inquire of a witness whether he has knowledge of the matter of which he is called to testify.   If it appears to be doubtful whether the witness understands and appreciates his duty to testify only to what he knows of his own knowledge, or if, for any reason, there is danger that he may testify to hearsay, it is the right, and may be the duty, of the presiding judge to inquire of him if he has knowledge of the matter as to which he is asked to testify; and the party calling the witness would not be thereby aggrieved, and no exceptions would lie.   So in the examination of impeaching witnesses, if the presiding judge sees that there is danger that the witness, in answer to the usual question, "What is his general reputation for truth and veracity?" may give incompetent testimony, either because he fails to understand the exact character of the question, or for any other reason, he may require the witness first to be asked whether he knows what that reputation is.   Whether the circumstances of this case required the preliminary question to be put, was a matter within the judicial discretion of the presiding judge, and cannot be revised on exceptions.

The case at bar is clearly distinguishable from the case of *Bates* v. *Barber*, 4 Cush. 107.   In that case, the presiding judge directed that the witnesses must first be examined as to their knowledge and means of knowledge of the character of the witness attempted to be impeached, and upon such examination assumed the right to decide whether the witness offered had sufficient knowledge to qualify him to testify.   In this case, the purpose and effect of the preliminary question appears to have been merely to ascertain whether the witness had any knowledge of the general reputation of the impeached witness, and not to inquire into the extent or means of such knowledge. The only witness rejected was rejected because he did not appear to have any knowledge; not because the amount of his knowledge was not satisfactory to the court.

*Exceptions overruled.*