## COMMONWEALTH vs. JOHN LYDEN.
## SAME vs. BERNARD CAREY.

The extent to which a witness may be cross-examined upon otherwise immaterial facts, for the purpose of showing his bias or of testing his credibility, is ordinarily a matter of discretion to the exercise of which no exception lies.

INDICTMENTS for keeping and maintaining tenements in Lynn, used for the illegal keeping, and for the illegal sale of intoxicating liquors.

At the trial in the Superior Court, of the first case, one John F. Brown, a state constable, testified that he had been to the tenement several times within the time charged in the indictment to serve search-warrants, and to search for liquors; that upon two occasions he found ale, and nothing else; and that upon one occasion he found, in addition to ale, three bottles, each of which contained intoxicating liquor.

Upon cross-examination, the defendant proposed to ask him this question: "Did you not make oath before the magistrate who issued the warrants to search the defendant's place, that you believed, and had reason to believe, that the defendant had in his place for sale a certain quantity of rum, being about and not exceeding one hundred gallons, and a certain quantity of whiskey, being about and not exceeding one hundred gallons?" The government objected to this question, on the ground that it was an attempt to show the contents of a written statement and of a matter of record, without producing the paper. The defendant stated that he did not propose to put in the complaint, or search-warrant, but wished to inquire into the witness's acts for the purpose of showing his state of mind toward the defendant. *Pitman*, J., sustained the objection, and did not allow the question to be put. The jury convicted the defendant, and he alleged exceptions.

At the trial in the same court of the second case, Brown testified that, within the time covered by the indictment, he had been to the tenement described in it with a search-warrant, for the purpose of searching for intoxicating liquors, and that he found ale.

The defendant asked him if he did not make oath to the complaint upon which the search-warrant was issued, and he answered that he did. The defendant then proposed to ask the witness what liquors he swore he had reason to believe and did believe were kept by the defendant in the tenement. The government objected to the question, on the ground that it was an attempt to put in evidence the contents of a written statement and of a matter of record, without producing the writing, and *Pitman, J.*, sustained the objection, and did not allow the question to be put. The defendant then proposed to ask the witness what liquors he was authorized to search for by the warrant. The government objected, and the court declined to allow the question to be put. The jury convicted this defendant also, and he alleged exceptions.

*C. P. Thompson*, for the defendants.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The extent to which a witness may be cross-examined as to facts otherwise immaterial, for the purpose of testing his bias and credibility, is ordinarily within the discretion of the judge presiding at the trial. *Commonwealth* v. *Shaw*, 4 Cush. 593. *Odiorne* v. *Bacon*, 6 Cush. 185. *Miller* v. *Smith*, 112 Mass. 470. No exception lies to the refusal of the presiding judge to permit the questions proposed in each of these cases to be put, without first producing a copy of the record.

*Exceptions overruled.*