### COMMONWEALTH *vs.* GEORGE A. ROGERS.

Suffolk.   November 26. — 27, 1883.   C. ALLEN & HOLMES, JJ., absent.

That a witness at a trial has known another witness for several years, and also other people who know him, does not necessarily qualify the former to testify to the latter's general reputation for truth and veracity.

If a witness at a trial testifies that all he knows of the reputation of another witness for truth and veracity is what he has heard said of the latter on two occasions, which he specifies, he is not qualified to testify to the general reputation of such witness for truth and veracity.

INDICTMENT for an assault and battery.

At the trial in the Superior Court, before *Knowlton,* J., one Michael McEleheny testified as a witness for the government. The defendant offered John B. Hebron as a witness, who testified as follows: " I have known Michael McEleheny for four or five years : I know people who know him." Upon being asked if he knew his general reputation for truth and veracity, he answered that all he knew of his reputation for truth and veracity was what he heard said on two occasions, once in a horse-car, the other time in a barber-shop, where there were present five or six persons.   The defendant then asked the witness what McEleheny's reputation was for truth and veracity.   The judge excluded the question.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. F. Dore,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J.   The mere fact that the witness Hebron had been acquainted with McEleheny for four or five years, and also with people who knew him, did not necessarily qualify him to testify as to McEleheny's general reputation for truth and veracity, as such acquaintance with him or his associates might

have been of the slightest description. It was entirely within the discretion of the presiding judge to ask, or permit to be asked, as a preliminary question, if he deemed the interests of justice required it, whether the witness knew the general reputation of McEleheny in this respect. *Wetherbee* v. *Norris*, 103 Mass. 565. It was competent thus to ascertain whether the witness had any knowledge of the general reputation of the impeached witness, but not to inquire into the means or extent of such knowledge, with a view of determining whether the court would then permit him to testify, which was the case in *Bates* v. *Barber*, 4 Cush. 107. The witness did not answer the question directly, but replied that all he knew of McEleheny's reputation " was what he had heard said on two occasions," which he specified. When therefore the defendant afterwards asked him " what McEleheny's reputation was for truth and veracity," it was simply asking him what he had heard said on the two occasions referred to, for his knowledge was, he stated, limited to them. This was in effect to introduce testimony of hearsay declarations as to McEleheny, and not testimony as to his general reputation, which was the fact inquired of. On an issue whether a certain person's reputation for pecuniary credit was good, the evidence of a member of a certain firm, who testified that it was not good with his firm, nor, so far as. he knew, in the city where they were, and, on cross-examination, that he never heard his reputation called in question except by members of his own firm, was held to be hearsay, and inadmissible. It had no tendency to establish the fact required to be proved. *Walker* v. *Moors*, 122 Mass. 501. Evidence of particular instances of prevarication or falsehood by the government witness, or of doubts or denials of his truthfulness on some special occasions, could not be given in evidence to impeach him, as they may have existed without touching his general reputation for veracity. *Commonwealth* v. *Lawler*, 12 Allen, 585.

The evidence was therefore properly excluded.

*Exceptions overruled.*