## HEALEY *et al. v.* TERRY.

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

WITNESS—IMPEACHMENT—REPUTATION FOR TRUTH.

    A witness called to impeach another testified that he had been in the same business as the latter for 18 years, and had had dealings with him, and was then asked what was the reputation of such witness for truth and veracity, and whether he would believe him under oath. *Held*, that it was not error to exclude the question for want of a proper foundation.

Appeal from city court, general term.

Action by Warren M. Healey, William M. Williams, and John H. Zabriskie, comprising the firm of Healey & Co., against Kate L. Terry, to recover for repairs to the latter's carriage. Defendant set up that plaintiffs performed the work so unskillfully as to cause her damage in the sum of $150 which she counter-claimed. There was a verdict for defendant for $50. The judgment entered thereon in her favor was affirmed at the general term of the city court, and plaintiffs again appeal.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Charles J. Hardy,* (*William H. Arnoux,* of counsel,) for appellants. *Jacob Fromme,* for respondent.

LARREMORE, C. J. The only point urged on behalf of the appellants which we feel called upon to consider is based upon the testimony of the witness Ten Eyck. His evidence was so short that it may be quoted entire: "*Question.* What is your business? *Answer.* Carriage furnishing. *Q.* How long have you been in that business? *A.* Eighteen years. *Q.* Do you know Mr. Burroughs? *A.* I do. *Q.* Had business dealings with him? *A.* I have. *Q.* What is Mr. Burroughs' reputation for truth and veracity? (Objected to. Objection sustained. Exception taken.) *Q.* Would you believe Mr. Burroughs under oath? (Objected to. Objection sustained. Exception.)" The general term of the city court held that there was no error in excluding the above questions, because no proper foundation had been laid for their admission. The general American principles governing the impeachment of witnesses are well stated in a note to Chase's Edition of Stephens' Digest of the Law of Evidence, art. 133, p. 232, as follows: "It is a well-settled rule in this country that a witness of the adverse party may be impeached by evidence from other persons of his bad general reputation in his own community. The impeaching witnesses must come from this community, and in examining any one of them the form of inquiry usually is to ask (1) whether he knows the general reputation in that community of the witness in question; then, if he assents, (2) what that reputation is, and (3) whether from such knowledge he would believe such witness on his oath." It has been held that it is discretionary with a trial court whether the first of such questions, as to whether the impeaching witness knows the general reputation of the other must be asked. *Wetherbee* v. *Norris,* 103 Mass. 565. If it be discretionary whether such preliminary inquiry shall be put, it must also be discretionary with the judge, when the same has not been asked, to exclude the subsequent questions touching a person's reputation for truth and veracity, and as to whether he is entitled to belief under oath. There is nothing to show that the trial judge did not exclude the evidence because, in the exercise of his discretion, he deemed the preliminary general inquiry essential. We will not presume error, necessitating a reversal, when a perfectly fair construction of the record discloses a theory upon which the judge may have acted with propriety, and within his province. The presumption that the judge's reason for excluding the evidence was that a proper foundation had not been laid is strengthened by analysis of what Ten Eyck actually had said. He averred that he had been in the carriage furnishing business for 18 years; that he knew Mr. Burroughs, and had had business dealings with him. These facts might have been true, though the two men resided in different communities, widely remote from each other, and conducted their business transactions by correspondence. Nothing was drawn out which shows, even by implication, that Ten Eyck was acquainted with Burroughs' general moral character, or his reputation for truth and veracity. We will not presume, for the sake of reversing this judgment, in the absence of any suggestions to such effect in the case, that Ten Eyck resided and did business in New York, (even the residence of this witness was not asked in his examination,) and

that, if he had been allowed to testify as to Burroughs' reputation, he would have done so from competent and sufficient knowledge. Our conclusion is that, upon the record as it stood when the interrogatories were put to Ten Eyck, no error was committed in ruling them out. The judgment must be affirmed, with costs.

DALY, J. In concurring with the chief justice that a judgment must be affirmed, I wish to say that I can find no error in the exclusion of evidence, as claimed in appellants' first point, of custom in regard to the storage of defendant's carriage after repairs upon it by plaintiffs were completed. The record does not show any ruling adverse to appellants upon this point. The defendant's objection to the evidence was overruled. The appellants claim that this was a "typographical error," and that the ruling was actually the other way, and that an exception was taken by them. Nothing of the kind appears in the papers before us, and an examination of the case would seem to show that it is correct as it stands. There is an answer to the question which was objected to, and this could not be so if the objection to it had been sustained. It also appears that the plaintiffs did not rely upon custom for their charge of storage, but upon special contract. Mr. Healey says: "There must have been a special contract." He was also permitted to testify what plaintiffs' custom was: that plaintiffs "always charge storage." But I think the whole contention may be disposed of by the fact that, according to plaintiffs, storage was only to be charged after the customer was notified that the repairs were completed, and that was not done in this case. A notice was sent the day after the carriage was received for repairs, but none after the repairs were completed. No authority is cited by the appellants for the proposition that, as defendant had paid a previous bill for repairs, she could not counter-claim damages for unskillful or negligent work in making such repairs, nor for the proposition that the payment of such bill by these defendants, and the recovery of a judgment for a subsequent bill by plaintiffs, is conclusive as to all matters connected with the first bill, the same as if plaintiffs had recovered a judgment therefor; and there seems to be no foundation for either proposition. The judgment should be affirmed.