## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

COMMONWEALTH *vs.* LEE PORTER.

Suffolk. December 3, 1920. — January 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Nuisance. Lewdness. Practice, Criminal,* Plea *autrefois acquit. Evidence,* Of general reputation, Secondary, Admission, Relevancy and materiality.

The keeping and maintaining of a house wherein are committed indecent and unnatural acts by men with others of their sex is an offence punishable under St. 1914, c. 624, §§ 1, 2.

An acquittal upon a trial of an indictment charging the defendant with being a lewd, wanton and lascivious person in speech and behavior is not a defence to an indictment under St. 1914, c. 624, §§ 1, 2, for the keeping and maintaining, during the same period described in the former indictment, of a building, part of a building, tenement or place used for lewdness.

Where, at the trial of an indictment charging the maintaining of a nuisance under St. 1914, c. 624, §§ 1, 2, after a witness for the defendant has been permitted to testify in direct examination that he knew the defendant's reputation for chastity and morality and for truth and veracity and that it was good, and he then had testified in cross-examination that he had heard the defendant's reputation discussed only in the family of the witness's father-in-law, who was the defendant's employer, it was proper for the judge to exclude the evidence, since it did not appear that the witness had sufficient knowledge of the defendant's general reputation.

At the trial of the indictment above described, a witness for the Commonwealth testified that, upon entering the defendant's house, he was shown a newspaper clipping by the defendant and asked to read it and then was asked his opinion

concerning it, and that he returned the clipping to the defendant. The defendant's attorney was asked at the trial if he had the clipping and replied in the negative. The witness then was permitted to testify to the contents of the clipping and it appeared that it related to the conduct of two men who had been arrested while occupying the same room at a hotel. The evidence was offered by the Commonwealth to show that the defendant desired to ascertain whether the witness was susceptible to the obscene suggestion contained in the clipping. *Held*, that

(1) In the circumstances no notice to produce the newspaper clipping was necessary before secondary evidence as to its contents should be admitted;

(2) In admitting the secondary evidence the judge did not deprive the defendant of any of his rights.

At the trial of the indictment above described, evidence of silence on the part of the defendant when he was informed of indecent and unnatural acts by men in his house, was *held* to have been admissible as tending to show an admission of guilt.

At the trial above described, there was evidence that one of the witnesses for the Commonwealth was enlisted in the United States navy and had been ordered by the provost marshal to go to the defendant's house. The defendant offered to show that the method of investigation pursued by the witness had been "disapproved of by the United States government." The evidence was excluded. *Held*, that the exclusion was proper.

INDICTMENT in three counts, found and returned on April 10, 1920, charging the defendant with keeping and maintaining a nuisance, that described in the first count being "a certain building, part of a building, tenement, and place used for prostitution, assignation and lewdness," that described in the second count being "a certain place within which and upon which acts of prostitution, assignation and lewdness were held and occurred," and the third count including in its description the descriptions contained in both the first and the second counts.

The case was tried before *Dubuque*, J. Motions filed by the defendant and overruled, material evidence at the trial and exceptions saved by the defendant are described in the opinion. The defendant was found guilty, and alleged exceptions.

*W. Flaherty*, for the defendant.

*F. M. J. Sheenan*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was indicted for maintaining a nuisance under St. 1914, c. 624, which provides that every building, part of a building, place or tenement used for prostitution, assignation or lewdness shall be deemed a nuisance, and that whoever keeps or maintains such a nuisance shall be punished by

fine and imprisonment. The Commonwealth did not rely on the allegation of prostitution or assignation, but relied only on that part of the indictment charging the defendant with keeping and maintaining a nuisance, to wit, a certain building, part of a building, tenement and place used for lewdness for six months prior to November 1, 1918. The defendant filed a motion to quash, a plea in bar and a plea in abatement setting forth that he had been indicted in June, 1919, for the offence of being a lewd and lascivious person during the twelve months preceding, and after a trial on June 15, 1919, was acquitted. The pleas were overruled, and the motion was denied. At the close of the evidence the defendant moved for a directed verdict. This motion was denied, and he excepted.

There was evidence that in a house kept and maintained by the defendant indecent and unnatural acts were committed by men with others of their sex; and the defendant contends that because there was no evidence of lascivious acts between men and women that the charge of lewdness is not sustained. Lewdness includes illicit sexual intercourse, and the irregular indulgence of lust whether public or private. *Commonwealth* v. *Lambert,* 12 Allen, 177, 179. The Legislature intended to punish the keeping of all places resorted to for any form of lewdness between persons of the same sex or of opposite sexes, and under the term "lewdness" as used in the statute, the unlawful acts disclosed by the evidence were included. See *Commonwealth* v. *Wardell,* 128 Mass. 52; *Commonwealth* v. *Lambert, supra.*

The crime of being a lewd, wanton and lascivious person in speech and behavior, of which crime the defendant was acquitted, is a distinct offence and different in kind from the keeping of a house or building for an illegal purpose. The motion to quash and the pleas were properly overruled and there was no error in denying the defendant's motion for a directed verdict. *Commonwealth* v. *Brelsford,* 161 Mass. 61, 64, and cases cited. *Commonwealth* v. *Bubser,* 14 Gray, 83.

A witness for the defence, after stating that he knew the defendant's reputation for chastity and morality and his reputation for truth and veracity, was allowed to testify that the defendant's reputation was good. On cross-examination it appeared that he had heard the defendant's reputation discussed only in the

family of the witness's father-in-law, the defendant's employer, and the judge excluded the evidence. When the character of one is in issue, it can be shown only by evidence of his general reputation as disclosed by the common speech of his neighbors and members of the community. *Miller* v. *Curtis,* 158 Mass. 127, 131. *F. W. Stock & Sons* v. *Dellapenna,* 217 Mass. 503. All that the witness knew of the defendant's reputation was from hearing it discussed in his father-in-law's family. This was not enough to qualify him as a witness with sufficient knowledge of the defendant's general reputation. *Walker* v. *Moors,* 122 Mass. 501, 504. *Commonwealth* v. *Rogers,* 136 Mass. 158. When the witness showed by his cross-examination that he had no knowledge of the defendant's reputation, there was no error of law in excluding his testimony. *Walker* v. *Moors, supra.*

A witness for the Commonwealth testified that the defendant admitted him and his companion to the house and accompanied them to a room up one flight of stairs; that the defendant gave the witness a clipping from a Boston paper, asking him to read it. The witness, against the defendant's exception, was permitted to testify that the clipping related to the conduct of two men who had been arrested while occupying the same room in a hotel, and in answer to the defendant's request for an opinion concerning it, he said that he did not care to express an opinion. The purpose of the Commonwealth in introducing this testimony was to show that the defendant desired to ascertain whether the witness was susceptible to the obscene suggestion contained in the clipping. The witness testified that after reading it he returned it to the defendant, and when the defendant's counsel was asked at the trial if he had the clipping, he replied in the negative. It is now contended that no foundation was laid for the introduction of secondary evidence and that the evidence was inadmissible. In admitting secondary evidence the judge did not deprive the defendant of any of his rights. When last seen the paper was delivered to the defendant and through his counsel he admitted that it was no longer in his possession; in these circumstances no notice to produce it was necessary and there was no error in admitting the testimony. *Commonwealth* v. *Bishop,* 165 Mass. 148, 150, 151. *Cooley* v. *Collins,* 186 Mass. 507, and cases cited. *Commonwealth* v. *Sinclair,* 195 Mass. 100, 109. The evidence of

admissions by the defendant from his silence, when he was informed of what happened between the men in his house, was properly admitted. The Commonwealth did not rely on any admission arising from his silence when in custody. See *Commonwealth* v. *Brailey*, 134 Mass. 527, 530.

One of the Commonwealth's witnesses who enlisted in the navy was ordered by the provost marshal to go to the defendant's house. The defendant offered to show that the method of investigation pursued by the witness was "disapproved of by the United States Government." To the exclusion of this evidence the defendant excepted. We see no error of law in the ruling. See *Commonwealth* v. *Tibbetts*, 157 Mass. 519. We have considered all the defendant's exceptions relied on and we find no error in the conduct of the trial.

*Exceptions overruled.*