COMMONWEALTH *vs.* WALTER M. COTTING.

Middlesex.    March 6, 1924. — April 7, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Competency.    *Carnal Abuse.*

Where, at the trial of an indictment charging the defendant with the carnal abuse of a female child under sixteen years of age, the child had testified that before the defendant had had sexual relations with her another man had penetrated her, it is proper for the trial judge to refuse to permit her to be further asked in cross-examination if other men named by the defendant's counsel had penetrated her, it not being contended by the Commonwealth that the defendant was the first or only man who had had intercourse with the child.

The evidence above described was not made admissible by testimony of a physician called by the Commonwealth who, after an examination three months after the intercourse by the defendant, testified that it was physically possible for the child to have had sexual intercourse with a full grown man.

INDICTMENT, found and returned on September 11, 1922, charging carnal abuse of a female child under sixteen years of age.

In the Superior Court, the defendant was tried before

*Macleod,* J.  Material evidence is described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. H. Vahey & P. Mansfield,* for the defendant.

*A. K. Reading,* District Attorney, *& R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

CARROLL, J.  The defendant was found guilty of the carnal abuse of Helen L. Waters, a female child under the age of sixteen years.  Helen L. Waters testified that in the year 1922 she was fourteen years of age; that in May of that year, and during the summer of the same year, the defendant had connection with her.  There was evidence that she was examined in August, 1922, after the time when it was claimed the defendant had committed the crime. The physician who made the examination testified that it was physically possible for her to have had sexual intercourse with a full grown man.  She was then recalled by the defendant and testified that she knew the meaning of the word "penetrate;" that before the defendant had sexual relations with her one Mason had penetrated her.  She was then asked if other men, naming them, had penetrated her. This evidence was excluded, the defendant excepting. These questions all related to a time prior to the examination of the girl by the physician.  It was not contended by the Commonwealth that the defendant was the first or only man who had had intercourse with her.

The evidence offered by the defendant was excluded properly.  Did the defendant carnally know and abuse this child under the age of sixteen years? was the only question before the jury; her intercourse with others was no defence and such evidence was not admissible.  *Commonwealth* v. *Harris,* 131 Mass. 336.  The excluded evidence did not contradict the testimony of the physician or of the Commonwealth's witness.  The Commonwealth did not contend that the defendant was the only man who had had intercourse with Helen L. Waters, and the defendant was allowed to show that, before the defendant had sexual relations with her, another person had had intercourse with her.  There was no error in excluding the evidence.

In *Commonwealth* v. *Duff*, 245 Mass. 81, the Commonwealth, against the objection and exception of the defendant, introduced evidence of the pregnancy of the witness to corroborate her testimony. It was decided that in the circumstances the defendant should be allowed to meet this evidence by showing that another was responsible for this condition of pregnancy. No such circumstance is shown or relied on by the Commonwealth in the case at bar. *Commonwealth* v. *Harris, supra,* and cases cited. *Commonwealth* v. *Murphy,* 165 Mass. 66. *Commonwealth* v. *Duff, supra.* See *Commonwealth* v. *Lyden,* 113 Mass. 452.

*Exceptions overruled.*