GEORGE E. CLARK *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Essex.   November 12, 1925. — January 12, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Malicious Prosecution.   Evidence,* Of reputation, Competency.

The reputation of a man which in certain circumstances the law admits in evidence is the common report which others make about him, the talk about him which shows the opinion in which he is held in his community.   Per WAIT, J.

While, in an action for malicious prosecution, evidence of a good reputation of the plaintiff, if it was known to the defendant before the prosecution was begun, is admissible, evidence thereof cannot be given by a witness who states that he never had heard anything said about the plaintiff, either for or against him.

At the trial of an action of tort against a street railway company for malicious prosecution of the plaintiff for larceny of money while he was the operator of a "one man" electric street railway car of the defendant, evidence is admissible on the issue, whether the prosecution was malicious and without proper cause, which tends to show that before deciding to begin the prosecution the defendant's agent had considered and given weight to a report from its superintendent and manager of the division where the plaintiff worked to the effect that when the plaintiff operated a car it regularly yielded less in fares than when another man operated it.

TORT for malicious prosecution of the plaintiff for the alleged larceny on June 24, 1922, of ninety cents, on July 1, 1922, of $1.90, and on July 8, 1922, of forty cents.   Writ dated July 24, 1922.

In the Superior Court, the action was tried before *Broadhurst,* J.   Material evidence and exceptions saved by the defendant are described in the opinion.   There was a finding for the plaintiff in the sum of $500.   The defendant alleged exceptions.

*A. Sweeney*, for the defendant.

*A. B. Rigney*, for the plaintiff.

WAIT, J.   The defendant instituted criminal proceedings against the plaintiff accusing him of larceny by retaining fares received by him while in charge for the defendant of a "one man" car at Haverhill.   After an acquittal, the plaintiff brought suit for malicious prosecution.   To maintain his action it was necessary to prove that the defendant, or those acting for it and for whom it was responsible, instigated the criminal proceedings, that in so doing it was acting maliciously and without probable cause, and that the plaintiff had been acquitted.   The defendant did not contest the first and the last; but it did contest that it had acted maliciously or without probable cause to believe the plaintiff guilty; and it offered much evidence to show that it acted throughout in reliance upon and in accord with the advice of counsel thoroughly familiar with the facts known to the defendant.

In the course of the trial the defendant excepted to the admission of testimony that the plaintiff was familiar with a rule of the company to the effect that persons offering anything other than the exact fare should be given change for the amount tendered and should be required themselves to place the proper fare in the fare box, and that he observed this rule; and of testimony in regard to his reputation.   It excepted also to the exclusion of testimony of O'Donoghue, a superintendent and the manager of the Haverhill division, that on the Saturdays of a series of weeks when he had laid off the plaintiff the receipts from the car were greater by about $15 each day than the average turned in by the plaintiff for the same trips on the Saturdays of the several weeks before the lay off; and to the exclusion of testimony of Fritch, assistant general manager, that he had been told by O'Donoghue of the difference in receipts and that he had considered it and given it weight in deciding whether to authorize the prosecution.

The defendant's exception to the refusal to strike out the testimony of Steed in regard to the reputation of the plaintiff must be sustained.   The ordinary rule, that the reputation of a party in a civil action is inadmissible, does not apply in

actions for malicious prosecution of a criminal charge, *Bacon v. Towne*, 4 Cush. 217, 241, if it is known to the person responsible for the complaint, *McIntire v. Levering*, 148 Mass. 546, *Geary v. Stevenson*, 169 Mass. 23, and only so, *Lewis v. Goldman*, 241 Mass. 577.   Evidence, therefore, was admissible that the plaintiff's reputation was good, and that this was known to the defendant.   The witness, however, testified in direct examination on this point no more than that so far as he knew the plaintiff had a good reputation, while on cross-examination he testified that he had never heard anything said against the plaintiff, and that he had never heard anything said about the plaintiff either for or against him. This was not testimony to reputation.   The reputation of a man which the law admits as evidence is the common report which others make about him, the talk about him which shows the opinion in which he is held in his community. *F. W. Stock & Sons v. Dellapenna*, 217 Mass. 503.   If the witness offered has not heard the person discussed or spoken of, he cannot testify to his reputation.   *Commonwealth v. Lawler*, 12 Allen, 585.   *Wetherbee v. Norris*, 103 Mass. 565. *Commonwealth v. Rogers*, 136 Mass. 158.   The testimony was incompetent, and may well have been prejudicial.   We need not consider, whether, if he had known of the reputation, his knowledge could be imputed to the defendant.

The evidence of Fritch should have been admitted.   It stands on a different ground from that of O'Donoghue.   The latter was asked to testify to facts from which the jury would be asked to draw an inference of the plaintiff's guilt.   These facts the law may take to be so likely to mislead a jury, or so likely to introduce collateral issues tending to confuse the jury and to prolong the trial unduly, that a judge may be justified in excluding them from the jury's consideration, in spite of the truth that they are relevant and would be considered persuasive anywhere outside the court room.   Granting that by themselves they are inadmissible under the rules of evidence, and that their truth or falsity is immaterial; yet if they were communicated to Fritch and influenced his judgment in deciding that he had probable cause to believe the plaintiff guilty, they are admissible.   The jury may

consider whether a man who has been informed that when the plaintiff operated a car it regularly yielded less in fares than when another man operated it, has thereby ground for belief that the plaintiff misappropriated fares.  In passing upon whether that man has had probable cause for a certain belief, his knowledge and consideration of such facts is properly to be placed before a jury.  The judge was therefore wrong in excluding Fritch's testimony.

As these exceptions must be sustained, it is unnecessary to consider the other questions raised by the bill of exceptions. At another trial a different situation is likely to be presented. The order must be

*Exceptions sustained.*