COMMONWEALTH *vs.* FRED TOMASSELLI.

Essex.    November 8, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, PIERCE, & SANDERSON, JJ.

*Evidence*, Admitted without objection, Competency, Of court proceedings.
   *Practice, Criminal*, Requests, rulings and instructions. *Witness*, Cross-examination, Impeachment.

Where, at the trial of a complaint filed in February charging that in the
   previous December and from that day to the date of the complaint the
   defendant "was and is an idle and disorderly person, neglecting all
   lawful business and employment, frequenting drinking places, the
   company of idle and vicious persons, loitering on street corners and
   otherwise conducting himself in an idle and disorderly manner,"
   there was evidence that the defendant did no work during the period
   set out in the complaint, and that in February he solicited a woman
   to engage in a criminal conspiracy to extort money by blackmail, a
   verdict of guilty is warranted.
At the trial of a complaint charging the defendant with being an idle and
   disorderly person, it is not error for the judge to refuse to instruct the
   jury that they should ignore answers by a police officer to questions,
   asked in cross-examination by the defendant, to the effect that he had
   information about the idle and disorderly charge to which he did not
   testify in direct examination because the evidence would not be com-
   petent and it would not be fair to the defendant to state what this
   information was; or to refuse to instruct them that they should not
   consider any inferences from such a statement by the witness.
In the present case it was *held*, that the instructions above quoted were
   given in substance by instructions that the jury must decide the case
   upon the evidence of witnesses on the witness stand and inferences to
   be drawn from that evidence; and that if there was something else that
   might have been stated, they were to draw no inference as to what
   that might be, because it was not in evidence, but that they were to
   take what was in evidence and from that and the inferences to be
   drawn from it, determine the issue.
An instruction of the judge, at the trial above described, that the jury
   might draw inferences from the defendant's acts in determining whether
   the defendant was an idle and disorderly person, was free from error.
At the trial of the complaint above described, it was proper for the judge
   to instruct the jury: "A single act would not make him an idle and dis-
   orderly person, but if the act was such that you would draw from that
   single act the inference that that person was doing that kind of work,
   was that kind of person, idle and disorderly, from that, then you would
   have the right to draw the inference from that evidence that he was
   an idle and disorderly person; or again stating it, a single act does not

make the kind of person alleged in the complaint, but if a single act done was such that you would draw the inference from that act that he was that kind of person, then the complaint has been proven if you get that inference from the evidence."

At the trial in the Superior Court of the complaint above described, the woman whom the defendant solicited to join him in a conspiracy to blackmail testified for the Commonwealth. It appeared that she also had been the defendant in a complaint on the same charge in the District Court; that she was not sentenced, and that there was no case pending against her when she testified in the Superior Court. *Held,* that

(1) The judge properly excluded questions concerning the contents of the complaint against such a woman without the production of a copy of the record;

(2) Questions relating to an expectation by such a woman witness that as a result of her testimony in the Superior Court there would be no proceedings against her or sentence, and whether, in the witness's opinion, she got out of her case in the lower court as a result of her testifying against the defendant there, properly were excluded.

COMPLAINT, received and sworn to in the District Court of Lawrence on February 4, 1926, charging that the defendant on December 4, 1925, and from that day to the date of the complaint "was and is an idle and disorderly person, neglecting all lawful business and employment, frequenting drinking places, the company of idle and vicious persons, loitering on street corners and otherwise conducting himself in an idle and disorderly manner."

On appeal to the Superior Court, the complaint was tried before *Hayes,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. There was evidence that "the defendant did no work during the period stated in the complaint, had in February, 1926, solicited one Catherine Kozdras to enter a house in Lowell with another girl where she would mix in with elderly men, get them intoxicated, and, after getting them intoxicated and having a gay time he would burst in, telling them he was her husband, get them to sign him a lot of money and they could split the money." Other evidence is described in the opinion.

At the close of the evidence, the defendant in writing moved for a verdict of not guilty. The motion was denied. The defendant then asked the judge to instruct the jury

"that where a witness testifies that he knew something against the defendant which would be unfair to him, and which knowledge he did not impart to the jury, that this evidence should not be considered on the question of the defendant's guilt . . . that they should ignore any statements of the witness Byron in regard to knowing something else against the defendant, or any other statements he made that he wouldn't tell about the defendant because it would be unfair; that they should only consider the evidence in the case tending to support the charge and not any inferences that might be drawn from statements of the witness Byron that he knew something and that he wouldn't state anything which was unfair."

The requests were refused.

In his charge to the jury, the judge stated: "A single act would not make him an idle and disorderly person, but if the act was such that you would draw from that single act the inference that that person was doing that kind of work, was that kind of a person, idle and disorderly, from that, then you would have the right to draw the inference from that evidence that he was an idle and disorderly person; or again stating it, a single act does not make the kind of a person alleged in the complaint, but if a single act done was such that you would draw the inference from that act that he was that kind of a person, then the complaint has been proven if you get that inference from the evidence."

There was a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*J. J. Sullivan,* for the defendant.

*W. G. Clark,* District Attorney, & *E. F. Flynn,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J. The defendant was convicted of being an idle and disorderly person. The exceptions argued relate to the rulings of the trial judge on questions asked by the defendant's counsel in cross-examination of the witness Kosdras; to the refusal by the judge to give two requests for rulings, and to direct a verdict for the defendant.

There was ample evidence to justify the jury in convicting

the defendant of the crime charged, and no good purpose would be served in summarizing it. *Commonwealth* v. *Diamond*, 248 Mass. 511. The defendant, in cross-examination of officer Byron, brought out the fact that he had information, about the idle and disorderly charge, to which he did not testify in direct examination because the evidence would not be competent and it would not be fair to the defendant to state what this information was. The defendant requested the judge to make certain rulings to the effect that evidence, that a witness had knowledge not imparted to the jury, should not be considered by them; that they should ignore any statements of Byron in regard to knowing something about the defendant which it would be unfair to tell, and that they should not consider any inferences from a statement to that effect by the witness. The evidence having been brought out by the defendant and permitted to remain in the case without objection, the defendant was not entitled to these rulings; but the judge gave them, in substance, when he charged the jury that they must decide the case upon the evidence of witnesses on the witness stand and inferences to be drawn from that evidence; and that if there was something else that might have been stated, they were to draw no inference as to what that might be, because it was not in evidence, but that they were to take what was in evidence and from that and the inferences to be drawn from it, determine the issue. His ruling, that the jury might draw inferences from the defendant's acts in determining whether the defendant was an idle and disorderly person, was free from error.

It appeared that there had been a complaint against the witness Kozdras in the lower court; that she was not sentenced, and that there was no case pending against her when she testified in the Superior Court. The judge properly excluded questions concerning the contents of the complaint against her without the production of a copy of the record. *Commonwealth* v. *Lyden*, 113 Mass. 452. Counsel was permitted to inquire whether any inducements or promises were made in connection with the witness's testimony, either

in the lower or the Superior Court, and the judge rightly excluded questions relating to her expectation that as a result of her testimony in the Superior Court there would be no proceedings against her or sentence, when it appeared that there was no pending case against her. The inquiry whether, in the witness' opinion, she got out of her case in the lower court as a result of her testifying against the defendant there, was properly excluded. It did not appear that any promises or inducements had been made to her, and the question called for immaterial evidence.

*Exceptions overruled.*