### COMMONWEALTH *vs.* JOHN BAXTER.

Suffolk.   May 13, 1929. — June 7, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Bastardy. Evidence,* Of general reputation, Competency. *Pleading, Criminal,* Complaint, Variance. *Jurisdiction. Constitutional Law,* Trial in the vicinage.

At the trial of a complaint under G. L. c. 273, § 11, it is proper to exclude, as evidence of the reputation of the complainant for truth and veracity, testimony of one who was not a member of the community where the complainant lived, who had been employed by the defendant as an investigator, and who had gained his knowledge on the subject only through interviewing and making inquiry of five named persons.

The time and place of the begetting of the child are not material elements of the crime charged in G. L. c. 273, § 11; and therefore an allegation with respect thereto is to be regarded as surplusage and a variance between such an allegation in the complaint as to the place where the child was begotten and evidence relied on by the Commonwealth at the trial is not fatal.

If a complaint under G. L. c. 273, § 11, received and sworn to in the Municipal Court of the West Roxbury District of the City of Boston, follows in substance the form set out under G. L. c. 277, § 79, and describes the complainant as "of the City of Boston, in the County of Suffolk," and at the trial the evidence shows that the complainant lived within the district of the court, the complaint is not defective merely because it does not contain an allegation that the defendant or the complainant lives within said district.

The mere fact that G. L. c. 273, § 11, gives jurisdiction to a district court where either the defendant or the mother of the illegitimate child lives, regardless of where the act was committed, does not render it violative of art. 13 of the Declaration of Rights.

COMPLAINT, received and sworn to in the Municipal Court of the West Roxbury District of the City of Boston on August 15, 1928, and described in the opinion.

The case was tried on appeal in the Superior Court before *Gibbs,* J., a judge of a district court sitting in the Superior Court under statutory provisions. Material evidence is stated in the opinion. The defendant was found guilty and alleged exceptions.

*J. F. Barry,* for the defendant.

*R. E. McGuire,* Assistant District Attorney, (*J. J. Murphy,* Assistant District Attorney, with him,) for the Commonwealth.

CROSBY, J.   On a complaint issued from the Municipal Court of the West Roxbury District of the City of Boston, under G. L. c. 273, § 11, alleging that on or about April 5, 1928, at Boston and within the judicial district of said court, the defendant, not being the husband of the complainant, did get her with child, he was adjudged the father of said child.   The defendant appealed, and was found guilty by a jury.   The case is here on the defendant's exceptions to the exclusion of certain evidence, and to the refusal of the trial judge to grant the defendant's motion for a directed verdict on the ground of a variance between the evidence and the allegations of the complaint respecting the place where the offence was alleged to have been committed.

One Davies, not a member of the community where the complainant resided, was employed by the defendant as an investigator.   He testified that he had interviewed five named persons, and that he had learned upon inquiry, and knew of, the complainant's general reputation with respect to truth and veracity.   He was asked, "What did you find her reputation in this respect to be?"   The question was excluded by the trial judge subject to the defendant's exception.   The defendant offered to show that if permitted to answer the witness would testify that the reputation of the complainant with respect to truth and veracity was bad.   This exception cannot be sustained.   The complainant's reputation for truth and veracity could be shown only by evidence of her general reputation in the community as disclosed by the common speech of her neighbors and members of the community.   *Commonwealth* v. *Lawler,* 12 Allen, 585, 586. *Commonwealth* v. *Porter,* 237 Mass. 1, 4.   *Clark* v. *Eastern Massachusetts Street Railway,* 254 Mass. 441, 443.   It cannot be shown by what the impeaching witness "may have heard others say who numerically may be few and insignificant," *F. W. Stock & Sons* v. *Dellapenna,* 217 Mass. 503, 506, nor by what the impeaching witness may have heard said on two occasions which he specifies, *Commonwealth* v. *Rogers,* 136

Mass. 158. A stranger sent by a party to the neighborhood of the complainant to investigate her character is not permitted to testify as to the result of his inquiries. *Commonwealth* v. *Hunt*, 243 Mass. 286, 287. *Douglass* v. *Tousey*, 2 Wend. 352, 354. *People* v. *Loris*, 131 App. Div. (N. Y.) 127, 129. The testimony sought to be introduced in the case at bar was the result of the witness's inquiries of five individuals. The witness not being a member of the community had no knowledge of the reputation of the complainant other than what he learned from these individuals. So far as the witness was concerned his knowledge rested on pure hearsay. It was said in *Walker* v. *Moors*, 122 Mass. 501, at page 504: "The distinction between reputation and hearsay evidence is sometimes a difficult practical question, and is not always kept clearly in mind in the introduction of testimony upon a trial. General reputation is a fact. The mere declaration of one or many is hearsay. It does not require a multitude of witnesses to prove the fact that there is a general reputation upon a particular subject. The question is a simple one of fact, Is there a general reputation? Has the subject been so much discussed and considered that there is in the public mind a uniform and concurrent sentiment which can be stated as a fact? By the public mind, of course, is not meant the mind of the whole public, but of that portion of the public which is cognizant of . . . the matter of inquiry. An examination of the evidence as given at the trial shows with entire certainty that the witness was not testifying to a fact which the general public mind had accepted as such, but that he was testifying to the opinions of individuals, as he had heard those individual opinions expressed." The foregoing statement of the rule is pertinent in the case at bar. It is plain that the evidence sought to be introduced in the present case was hearsay and the exception to its exclusion must be overruled.

The second exception relates to the denial of the defendant's motion for a directed verdict on the ground of variance. The complaint alleges that on or about April 5, 1928, the defendant did beget the complainant with child within the judicial district of the Municipal Court of the West Roxbury

District of the City of Boston. The complainant testified that the alleged act of begetting was committed in Dedham, in Norfolk County, either on April 5 or April 11, 1928. Although the defendant denied begetting the complainant with child, he admitted that on April 11 he was with her in a parked automobile in Dedham at the place where the complainant testified the act of begetting was committed. A witness who was a resident of Dedham corroborated the testimony that the automobile was parked in Dedham on the evening of April 11, 1928. The defendant contends that as the complaint alleges that the act of begetting was committed within the judicial district of the West Roxbury District Court, and since all the evidence discloses that the act of begetting was committed in Dedham, the West Roxbury Court was without jurisdiction to try the alleged offence, and that on the complaint the defendant could not properly be found guilty. G. L. c. 273, § 11, provides that "Whoever, not being the husband of a woman, gets her with child shall be guilty of a misdemeanor. Proceedings under this section or any of the eight following sections shall be begun, if in the Superior Court, in the county in which is situated the place where the defendant or the mother of the illegitimate child lives, and, if begun in a district court, in the court having such place within its judicial district." The statute does not require that the child be begotten in the district where the complaint is brought; but merely that the complaint be brought in the judicial district where the defendant or the mother of the child lives. The time or place of the begetting of the child is not material under the statute. It not being a material matter, the allegation in the complaint is to be regarded as surplusage; and the variance between the allegation and the evidence as to where the child was begotten cannot be held fatal to the complaint. *Kennedy* v. *Shea,* 110 Mass. 152. By G. L. c. 277, § 35, it is provided that a defendant shall not be acquitted on the ground of variance between the allegations and the proof if the essential elements of the crime are correctly stated, and that he shall not be acquitted by reason of failure to prove unnecessary allega-

tions in the description of the crime or any other immaterial mistake.

The complaint alleges that "Wilhelmina M. McArdle of the City of Boston, in the County of Suffolk" on oath complains that the defendant did get her with child. While the evidence discloses that she lived within the judicial district of the Municipal Court of the West Roxbury District of the City of Boston, the defendant contends that since the complaint does not allege that the defendant or the complainant lives within said district, in accordance with G. L. c. 273, § 11, it does not show on its face that the West Roxbury District Court had jurisdiction and that jurisdiction is a matter of record. It is a complete answer to this contention that the complaint followed in substance the form for pleadings under G. L. c. 277, § 79, which is considered sufficient in cases to which it is applicable. *Commonwealth* v. *Snell*, 189 Mass. 12, 18. *Commonwealth* v. *Harris*, 232 Mass. 588, 591. The statutory form contains no requirement that the complaint must allege that the mother of the child resided within the judicial district of the court.

The defendant contends that since the statute gives jurisdiction to a district court where either the defendant or the mother of the illegitimate child lives, regardless of where the act was committed, it is unconstitutional and repugnant to art. 13 of the Declaration of Rights of our Constitution. There is no merit in this contention. One of the purposes of bastardy statutes is to adjudge a person to be the putative father of the child so that he may be compelled to aid the mother in its support. *Hill* v. *Wells*, 6 Pick. 104, 109. *Commonwealth* v. *Dornes*, 239 Mass. 592, 594. The crime charged in the case at bar is closely allied with the duty of the putative father to aid in the support of the child. See *Commonwealth* v. *Mekelburg*, 235 Mass. 383, 386; *Commonwealth* v. *Booth*, 266 Mass. 80.

*Exceptions overruled.*