COMMONWEALTH *vs.* EDWARD J. MANNING. May 16, 1974. The defendant was indicted for rape, sodomy, an unnatural act, and assault and battery, and was convicted by a jury as charged. The defendant's bill of exceptions (G. L. c. 278, § 31) brings before this court the propriety of the judge's refusal to allow a defense witness to testify as to the complainant's reputation in her community for chastity. After the witness had testified briefly as to her knowledge of the complainant and the community, a voir dire was ordered in which the witness testified that she had lived in the Stoughton-Canton

area for thirty-nine years, had worked at the club where the complainant and the defendant had met on the night of the episode, was married to a former bartender at the same club, had engaged in fifteen or twenty conversations with people in the community relative to the complainant's reputation for chastity and had overheard other pertinent conversations while working at the club, all of which led her to state that the complainant had a bad reputation.  On cross-examination, the Commonwealth sought to elicit specific conversations with named individuals which formed the basis of her knowledge.  The judge, relying on *Walker* v. *Moors*, 122 Mass. 501 (1887), and *Commonwealth* v. *Cotting*, 248 Mass. 401 (1924), ruled that the witness' knowledge was based upon the opinions of a limited number of people and that she was not qualified to testify as to the complainant's reputation in the community as a whole.  We are of the opinion that the judge erred in not permitting the witness to give reputation evidence before the jury.  A judge may require some foundation for reputation evidence.  *Wetherbee* v. *Norris*, 103 Mass. 565, 566-567 (1870).  *Commonwealth* v. *Porter*, 237 Mass. 1, 4 (1921).  *Commonwealth* v. *Belton*, 352 Mass. 263, 269 (1967), cert. den. 389 U. S. 872 (1967).  Here the witness demonstrated knowledge of the complainant's general reputation for chastity.  The further inquiry "into the means or extent of such knowledge [did not bear on] . . . whether the court [sh]ould then permit [her] to testify . . ." (*Commonwealth* v. *Rogers*, 136 Mass. 158, 159 [1883]), but could only properly go to the weight to be accorded her testimony.  By virtue of her numerous conversational opportunities in the club and in the community she was in an excellent position "to summarize what [s]he ha[d] heard in the community" (*Michelson* v. *United States*, 335 U. S. 469, 477 [1948]), and should have been permitted to do so.  The excluded testimony was admissible with respect to the rape indictment.  *Commonwealth* v. *Gardner*, 350 Mass. 664, 668 (1966).  It bore only on the issue of consent, not on veracity.  Wigmore, Evidence (Chadbourn rev.) § 924b (B).  The convictions on the other indictments are therefore not affected by the error.

*On indictment No. 55789, exceptions sustained.*
*On indictments No. 55790, 55791 and 55792,*
*exceptions overruled.*

*Margaret D. McGaughey* for the defendant.
*Robert B. Russell,* Assistant District Attorney, for the Commonwealth.