## The People of the State of Illinois, Defendant in Error, v. Edward Leoni, Plaintiff in Error.

### Gen. No. 21,743.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois against Edward Leoni. From a judgment convicting him of being an inmate of a house of prostitution, defendant brings error.

The prosecution was brought under section 57 a—1, ch. 38, Rev. St. 1915 [Cal. Ill. St. Supp. 1916, ¶ 3591 (1) ].

A jury being waived, the trial judge after hearing the evidence found defendant guilty of the criminal offense of being an inmate of a house of ill fame kept for the purpose of fornication and fixed his punishment at thirty days' imprisonment in the House of Correction, the payment of a fine of $100 and costs of the prosecution, taxed at $6.50, in default of payment of which defendant was to be detained in the House of Correction until the fine and costs were worked out at the rate of $1.50 per day, or until discharged by due process of law as by statute provided.

Only the statutory record was brought before the Appellate Court. The errors complained of were said to be encompassed within this record. The prosecution was by information. The statute which defendant was charged with offending went into force July 1, 1915. Defendant contended that the information stated no offense where it charged that defendant "on the 7th day of August, A. D. 1915, at the City of Chicago aforesaid, at, to-wit: 1259 W. Madison street,

was then and there an inmate of a house of ill fame or assignation or prostitution or lewdness, contrary to the statute.'' The contention was that the charges being in the disjunctive are insufficient to charge any offense of which defendant can be convicted, and that the venue in the caption of the information is no part of the information. Defendant voluntarily went to trial upon the information without objecting to its sufficiency or moving to quash.

BENJAMIN E. COHEN, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 506*—*when presumed that evidence sufficient to sustain conviction and judgment.* Where only the statutory record in a criminal prosecution is brought before the Appellate Court and all the errors complained of are said to be encompassed within such record, it will be assumed that the evidence was sufficient to sustain the conviction and judgment if the information warrants the conviction and the judgment is a lawful one.

2. PROSTITUTION, § 4c*—*when question of insufficiency of information may not be raised on appeal.* The objections made for the first time on review that charges in the information charging a person with being an inmate of a house of ill fame, on which he is prosecuted, are in the disjunctive and that the venue in caption of such information is no part of the information, *held* without force, where defendant did not challenge its sufficiency in any way before the trial court or call for the ruling of the court thereon.

3. PROSTITUTION, § 3a*—*when information charging occupancy of house of ill fame sufficient.* An information charging that defendant was "an inmate of a house of ill fame or assignation or prostitution or lewdness," even though in the disjunctive, charges but one offense in legal effect and intendment.

4. INDICTMENT AND INFORMATION, § 13*—*venue as part of informa-*

*tion.* The venue is a part of the information, and the charge that the offense was committed at the "City of Chicago aforesaid," by construction refers to the venue as laid in the caption of the information.

5. PROSTITUTION, § 3a*—*when information charging defendant with being an inmate of house of ill fame sufficient.* On the contention that an information charging defendant with being an inmate of a house of ill fame does not charge that such act is unlawful, *held* it is sufficient if the charge is in the language of the statute and the statute made the act charged unlawful.

6. PROSTITUTION, § 4*—*when evidence presumed to sustain charge in information.* Where the evidence in a prosecution for being an inmate of a house of ill fame is not in the record before the court of review, all intendments must be indulged necessary to sustain the charge in the information.

7. APPEAL AND ERROR, § 198*—*lack of jurisdiction of Appellate Court in constitutional matters.* The Appellate Court has no jurisdiction to determine constitutional questions.

8. APPEAL AND ERROR, § 1265*—*when Appellate Court will presume statute constitutional.* The Appellate Court will presume that a criminal statute is constitutional, as it has no jurisdiction over constitutional questions.

9. APPEAL AND ERROR, § 1718*—*when constitutional question waived.* Where the constitutionality of a criminal statute is involved, the review should be prosecuted to the Supreme Court, and seeking a review by the Appellate Court waives any constitutional question which might otherwise be raised.

10. COSTS, § 122*—*when culprit may be sent to House of Correction for nonpayment of costs.* Hurd's Rev. St., ch. 38, sec. 452 (J. & A. ¶ 4152), authorizes imprisonment for the nonpayment of fines or costs, and section 448 of such chapter (J. & A. ¶ 4148) provides that where jail sentences may be imposed upon defendants, the court may send the culprit to the House of Correction.

11. CRIMINAL LAW, § 391*—*how statute authorizing working out fine and costs in House of Correction construed.* Hurd's Rev. St., ch. 38, sec. 448, (J. & A. ¶ 4148) providing that the fine and costs imposed on a culprit sentenced to the House of Correction for nonpayment of such fine and costs may be "worked out" at the rate of $1.50 per day, is in the interest of the convicted person, as it minimizes his term of imprisonment.