EDMUND M. DUNNE, Catholic Bishop, Appellant, *vs.* THE COUNTY OF ROCK ISLAND, Appellee.

*Opinion filed April 20, 1916.*

1. INJUNCTION—*rule as to considering affidavits on motion to dissolve injunction.* Affidavits cannot be received or considered on a motion to dissolve an injunction where no answer or plea has been filed to the bill, but if an answer has been filed denying the allegations of the bill, it is allowable, upon motion to dissolve the injunction, for either party to introduce testimony or affidavits to support the bill and answer.

2. SAME—*affidavits cannot be considered on motion for a preliminary injunction.* For the same reasons that affidavits are not received on motion to dissolve an injunction before answering or pleading to the bill, affidavits cannot be filed or considered on motion for a preliminary injunction in any case.

3. SAME—*correct practice if motion for preliminary injunction is denied before answer or plea.* The question whether or not a temporary injunction shall issue, where no plea or answer to the bill has been filed, must be determined solely upon the bill of complaint, and if the preliminary injunction is denied the complainant has a right to amend the bill for final hearing or have issues of fact or law made up by demurrer, plea or answer and have the bill properly disposed of on the final hearing.

4. SAME—*when it is not good practice to dismiss bill on application for temporary injunction.* It is not good practice to dismiss the bill upon an application for a temporary injunction, even where injunction is the only relief sought, unless the issues are joined by plea, answer or demurrer and the whole case is submitted to the court, or where it is apparent that the bill cannot be made sufficient by amendment.

5. EQUITY—*office of answer and demurrer.* It is the office of an answer to deny the allegations of a bill in equity or to set up some affirmative matter as a defense, and it is the office of a demurrer to test the sufficiency of a bill upon its face.

6. SAME—*issues of fact should be made up before evidence is heard.* Issues of fact in a chancery case should be made up before any evidence is heard, and if only questions of law are to be raised the bill should be taken as true as to all facts well pleaded and as stating the whole case for the court's consideration until the facts are denied by answer or further facts are pleaded as a matter of defense to the bill.

7. PLATS—*words "public square" do not indicate the particular public purpose.* The words "public square" written on a plat clearly indicate that the square is dedicated as a public square and is to be used by the public for some public purpose, which may be shown by proof of custom or long usage, but the words do not, in the absence of such proof, indicate any certain or particular use by the public.

8. PRACTICE—*exceptions need not be alleged or preserved to rulings of the court.* It has never been necessary, under the chancery practice in Illinois, to allege or preserve exceptions to the rulings of the court, and such course is not now necessary in cases at law. (*Miller* v. *Anderson,* 269 Ill. 608, approved.)

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

J. T. & S. R. KENWORTHY, and JAMES F. MURPHY, for appellant.

FLOYD E. THOMPSON, State's Attorney, and SEARLE & MARSHALL, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On June 21, 1915, appellant filed his bill in equity in the circuit court of Rock Island county against the county of Rock Island, appellee, praying for an injunction to restrain the county from erecting a jail on the public square in the city of Rock Island. The bill alleges that appellant is the owner in fee of lots 1, 2 and 3 in block 11, in the town of Stephenson, (now city of Rock Island,) and that he holds such lots in trust for the Roman Catholic church; that on said lots is built a church known as St. Joseph's Roman Catholic Church, and south of the church on said lots, and

fronting east, is a school building known as St. Joseph's Parochial School; that said church and school buildings are, and have been for many years, occupied and used as a church and as a school for said church, and have been erected and maintained at great cost, and are advantageously located by reason of said lots fronting and abutting on the public square in said city; avers that the county commissioners of the county of Rock Island became owners in fee of the lands on which the town of Stephenson was surveyed and platted, and that they surveyed and platted said town, as such owners, July 10, 1835, and that on the plat of said town as recorded was designated and marked a public square, surrounded by streets, alleys, lots and blocks; that in platting said lots, streets, alleys and square in said town the commissioners did not in all things comply with the act of 1833 then in force, entitled "An act providing for the recording of town plats," and by reason thereof they made a common law, and not a statutory, dedication of the streets, alleys and the public square aforesaid; that shortly after said platting the town of Stephenson became incorporated and accepted the plat and dedication, and that said commissioners proceeded to sell to various parties the lots abutting on said square, including said lots of appellant that abut said square on the west side thereof; avers that the only reference in the plat, or any certificate thereto, to said square are the words "public square," written within four boundary lines drawn on the four sides of the square; that appellant, as the owner of the said three lots, and the owners of the other lots abutting on the square, became the owners in fee of said square, subject only to the right of the public to have the same remain and be used as a public square, and was to remain and continue for that use open and free from encroachments of any kind; alleges that the county of Rock Island, without right, is about to let a contract and build on the west half of said square, directly east and opposite to the front windows of the said school build-

ing, in full view of the school children while attending said school, a jail building; that the erection thereof will be a permanent and irreparable damage and injury to said property and buildings, and will greatly and constantly embarrass, hinder and prevent the use and occupation thereof in so ample a manner as is now permitted; that the erection of such jail will necessarily subject the communicants of said church and the children attending said school to many great annoyances and inconveniences, and will deprive them of the use of the square as a public square and obstruct the air and light and view, and subject said square to a use not contemplated by the dedication or by the purchasers of lots abutting on said square, and that such a taking of appellant's property is within the prohibition of the constitution of Illinois. The bill finally avers the county is not the owner of said public square and has no right to incumber it by erecting thereon a jail.

On notice and application for a preliminary injunction appellee appeared, and without filing any answer filed affidavits to contest said motion. On appearance of appellee, appellant moved the court for a rule on appellee to plead, answer or demur to his bill of complaint before the hearing of the motion for a preliminary injunction, and also moved to strike the affidavits from the files. The court overruled both motions and dismissed the appellant's bill at his costs.

Appellant insists that the court erred in not striking the affidavits from the files and in refusing to rule appellee to first answer or plead to the bill; also, that the court erred in considering the affidavits of appellee and dismissing appellant's bill. It is not correct practice in this State, where no answer or plea is filed to the bill, to receive or consider affidavits where a motion is made to dissolve an injunction. Such a motion would operate in the same way as a demurrer to the bill, and being based on matters intrinsic and appearing on the face of the bill, no affidavits showing ex-

traneous matters could be used.   After answer is filed deny-
ing the allegations of the bill, upon motion to dissolve the
injunction it is allowable to either party to introduce testi-
mony or affidavits to support the bill and answer.   In such
a case the preliminary motion is to be decided upon the
weight of the testimony without accepting the answer as
absolutely true.   (*Wangelin* v. *Goe,* 50 Ill. 459.)   For the
same reason that affidavits are not received on motion to
dissolve an injunction before answering or pleading to the
bill, we hold that they should not be filed or considered on
a motion for a preliminary injunction in any case.   It is
the office of an answer to deny the allegations of a bill in
equity or to set up some affirmative matter as a defense,
and it is the office of a demurrer to test the sufficiency of
a bill upon its face.   Issues of fact should be made up be-
fore any evidence is heard, and if only questions of law are
to be raised, the bill should be taken as true as to all facts
well pleaded and as stating the whole case for the court's
consideration until the facts are denied by answer or further
facts are pleaded by the defendant as matters of defense
to the bill.   There is good reason for adhering to these rules
in cases where the injunction is not the only relief prayed
for, since the statute allows appeals on interlocutory orders
granting temporary injunctions or in overruling motions to
dissolve the injunctions, so that the reviewing court may un-
derstand upon what issues the lower court made its order.
It is not strictly good practice in any chancery case to dis-
miss a bill for an injunction on an application for a tem-
porary injunction, even where the injunction is the only
relief sought, unless the issues are joined by plea, answer
or demurrer and the whole case is submitted to the court.
(*Peoria Railway Co.* v. *Peoria Railway Terminal Co.* 252
Ill. 73.)   Where an injunction is the only relief sought,
this court has sustained the practice of dismissing bills on
motion for a preliminary injunction where it has appeared
that the bills could not be made sufficient by amendment.

(*Leonard* v. *Arnold,* 244 Ill. 429; *Durand* v. *Dyson,* 271 id. 382.) In such cases, however, only the matters stated in the bill and all matters that are offered or that might be offered by amendment to the bill to make a good bill of complaint are to be considered in deciding the case against the complainant, and affidavits of matters extraneous to the bill or in denial of the facts stated in the bill can not be considered by the trial court or the reviewing court. Evidence should be heard on the final disposition of the case only when the issues of fact are made by answer or plea.

It follows from what has already been said in this opinion that the court erred in considering the affidavits and plans filed by appellee in determining the question, in the first instance, whether or not a temporary injunction should issue, in the absence of any plea or answer filed by appellee. The court also erred in dismissing appellant's bill and in considering appellee's affidavits and plans on motion to dismiss the bill. Appellee not having filed any answer or plea, the question whether or not a temporary injunction should have issued should have been determined solely upon the sufficiency of the bill of complaint, and if the temporary writ was denied, appellant then had a right to amend his bill for the final hearing, if he saw fit to do so, or to have the issues of fact or law made up by demurrer, plea or answer and his bill properly disposed of on a final hearing.

In view of the conclusion we have already reached it would be improper for us to comment upon the merits of the defense set forth in the affidavits, in substance, that the public square aforesaid has been used by the county of Rock Island for a court house and jail for a number of years. It would also be just as improper to discuss at this time the merits of appellant's case as presented in his brief. The words "public square" written on the map, as aforesaid, is a clear indication that the square is dedicated as a public square and to be used by the public for some public purpose. The purpose may be indicated by proof of custom or long

usage, but those words do not indicate any certain or definite use of the square in the absence of such proof, and certainly not for the definite use of maintaining thereon a county jail. (*Village of Princeville* v. *Auten*, 77 Ill. 325.) The bill, on its face, states a good cause of action, and if it was lacking in any formal matters pointed out on demurrer appellant should have had the opportunity of amending it. It certainly was possible to amend it to state a good cause of action, and therefore it could not be finally disposed of on motion to dismiss the bill.

Appellee insists that no proper exceptions were saved by appellant to the ruling of the court in considering the affidavits on motion to dismiss the case and in refusing his motion for a rule on appellee to plead, etc. In chancery it has never been held necessary, under our practice, to allege or preserve such exceptions. Under the holding of this court in *Miller* v. *Anderson*, 269 Ill. 608, no exceptions need now be alleged or preserved in the record to the rulings of the court in law cases.

Appellant's contention that under his bill he is entitled to insist on the provisions of the statute entitled "Jails and Jailers," approved June 24, 1915, and providing, "but it shall be unlawful to build a jail within two hundred feet of any building used exclusively for school purposes," can not be sustained for want of allegations that said school building was used exclusively for school purposes, and that when built the jail on the site whereon it is to be built will be within two hundred feet of said school house. Whether or not appellant might avail himself of such a defense is therefore not before us.

For the errors indicated the decree of the circuit court is reversed and the cause is remanded, with directions that the parties be required to make up the issues in the case by proper pleadings for a final hearing.

*Reversed and remanded, with directions.*