(No. 21041.

MINNIE RODE *et al.* Appellees, *vs.* PETER EFTIMOFF *et al.* Appellants.

*Opinion filed February 19, 1932.*

O. M. HILL, and THOMAS P. MOORE, for appellants.

M. R. SULLIVAN, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison county adjudging appellants, Peter Eftimoff and Frances Eftimoff, guilty of contempt of court for failing to comply with a decree of that court entered at a previous term in a cause in chancery wherein appellees, Minnie Rode and Ed Rode, were complainants and appellants were defendants.

Appellees filed their bill in chancery to the October term, 1928, of the circuit court of Madison county against appellants, praying for the cancellation of two contracts by which appellees agreed to sell to appellants two lots or parcels of real property located in the village of Nameoki, in said county. Appellants filed an answer and an amended answer to the bill of complaint, and after reference and re-reference to a master in chancery a final decree was entered in the cause on December 30, 1930, of the October term, 1930, of said court in accordance with the prayer of the bill of complaint, by which decree appellees were ordered to return to appellants $330, the amount paid by appellants under the contracts of sale, with interest thereon from the time of such payments, and appellants were ordered to cause the buildings erected by them on the premises to be removed therefrom within thirty days from the approval of the decree, and the reasonable cost and expenses of such removal were ordered to be paid by appellees to appellants. The court found in its decree that appellants obtained an order from the court after the master's original report had been filed, re-referring the cause to the master for further

evidence, and that by reason of such re-reference a large amount of testimony was taken covering the same matters that had been covered in the original hearing and unnecessarily extending and repeating the testimony, which re-reference entailed an expense of more than $300. It was therefore further ordered and decreed by the court that all the costs in the chancery case be equally divided, appellees to pay one-half thereof and appellants one-half thereof. So far as the record shows, no appeal from the final decree was prayed by appellants or granted by the court at the term of court at which the decree was entered. At the March term, 1931, of the court appellants were before the court on a citation for contempt for not having removed the buildings from the premises as ordered by the decree of December 30, 1930, and on April 27, 1931, the court entered an order that appellants remove the buildings on the premises instanter or be committed to the county jail for contempt of court. Thereafter, on May 13, 1931, the court entered an order finding that appellants had failed to comply with the order of April 27 to remove the buildings from the premises as ordered by the decree of December 30, 1930, and ordered that appellants be committed to the county jail until the order and decree of the court were complied with. By the order of May 13, 1931, it was provided that if appellants would accept $600 from appellees for the buildings on the premises and execute a bill of sale thereof to appellees, appellants would be "purged of contempt," but that otherwise the order of commitment to the county jail should be in full force and effect. It is from the order of May 13, 1931, that the appeal is prosecuted.

By the bill filed by appellees and the answer of appellants thereto a case falling within the general class of cases of which the circuit court of Madison county had jurisdiction was presented to the court for decision. There is no question that the court had jurisdiction of the parties in that case. That court, having jurisdiction of the subject

matter and the parties in that case, it, therefore, had jurisdiction to enter, and it did enter, a final decree in that case at the October term, 1930. Appellants did not pray an appeal from that decree at the term at which it was entered. Section 92 of the Practice act provides that appeals shall be prayed for and allowed at the term at which the judgment, order or decree is rendered and that the party praying for the appeal shall file bond within such time, not less than twenty days, as shall be limited by the court. The party appealing is neither required nor permitted to wait until the adjournment of the term to pray an appeal or have it allowed. (*Bondurant* v. *Bondurant,* 251 Ill. 324.) It is apparent, therefore, that no question is presented by this appeal, which is from the order of May 13, 1931, as to whether the decree of December 30, 1930, is correct or erroneous. It is also clear that the order of May 13, 1931, cannot be held to be a modification of the decree of December 30, 1930, because, after the expiration of the October term, 1930, of the circuit court, that court had no authority or jurisdiction, in a proceeding to punish a party to the decree for contempt of court, to modify the decree. *People* v. *Clark,* 268 Ill. 156; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369.

No ground of jurisdiction of this court of this appeal is suggested other than that a freehold is involved, but it is apparent that no such ground for jurisdiction exists. The appeal is not from the decree of December 30, 1930, but from an order of the court entered at a subsequent term adjudging appellants guilty of contempt for failure to comply with that decree, and this court has no jurisdiction to determine the question presented by that appeal.

The appeal should have been taken to the Appellate Court for the Fourth District, and the cause will be transferred to that court.

*Cause transferred.*