People of State of Illinois, Defendant in Error, v. Harvey M. Lackaye, Plaintiff in Error.

Gen. No. 45,869.

Opinion filed December 10, 1952. Released for publication December 31, 1952.

BERYL A. BIRNDORF, of Chicago, for plaintiff in error.

JOHN S. BOYLE, State's Attorney of Cook county, of Chicago, for defendant in error; JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and EUGENE WELKER, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a writ of error to review the conviction of defendant of the charge of keeping "a house of ill fame or place for the practice of lewdness." Par. 162, chap. 38, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 37.128].

The question is whether the uncontroverted testimony of homosexual conduct between males performed in a bath house sustains the conviction of defendant, keeper of the house.

The pertinent part of par. 162 is: "Whoever keeps . . . a house of ill fame or place for the practice of prostitution or lewdness. . . ." Defendant contends that that language defines but one crime, the keeping of a house of ill fame for the practice of prostitution; that to sustain a conviction for that crime proof of prostitution is essential; and that proof of homosexual conduct between males is not prostitution and is insufficient to sustain such a conviction.

543

■■ We think the proof sustains the conviction. The State, under the charge, had the burden of proving that defendant kept a place for the practice of lewdness. *People v. Leoni,* 198 Ill. App. 376; *Parker v. People,* 94 Ill. App. 648. It should be noted that the information does not contain the phrase "of prostitution" which is in the statute. It should be noted further that par. 162 appears in chap. 38 under the Disorderly Conduct Act, pars. 159–163, and not under An Act to Prevent the Prostitution of Females, pars. 165–173 [Jones Ill. Stats. Ann. 37.124–37.129, 37.439–37.426]. Cases cited by the defendant do hold that prostitution is lewdness, but none holds that lewdness is confined to prostitution. There is no merit in the contention that proof of lewdness necessarily required proof of sexual intercourse between male and female.

■ The term "lewdness" must be given some meaning. *People v. Goldman,* 318 Ill. 77. It is more comprehensive than the word "prostitution." *People v. Arcega,* 49 Cal. App. 239, 193 Pac. 264. It includes immoral and degenerate conduct between persons of the same sex. Black's Law Dictionary (4th Ed.) page 1052. We think the legislature intended to include in par. 162 conduct of the same general class as prostitution. *Caminetti v. United States,* 242 U. S. 470; *People v. Goldman,* 318 Ill. 77. The illicit sexual acts between the men in the defendant's house are of the same general class as the illicit acts included in the term "prostitution." *Commonwealth v. Porter,* 237 Mass. 1, 129 N. E. 298. The acts proven are sexual, induced by a degrading passion within the meaning of "lust" in Webster's New Int. Dict. (2d Ed.), and therefore "lewd" within the definition of the same authority.

*Affirmed.*

LEWE, P. J. and FEINBERG, J., concur.