STATE OF CONNECTICUT *v.* RALPH J. TROMBLEY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-19202

Argued May 18—decided September 15, 1964

*Nathan G. Sachs,* of New Haven, for the appellant (defendant).

*Sherman Drutman,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was convicted of the crime of lewdness in violation to § 53-226 of the General Statutes and has appealed, assigning five errors. The first three assignments are addressed to the finding and the conclusions therein, the fourth is a general assignment of error in the conclusion of guilt beyond a reasonable doubt upon all the evidence, and the last claims entrapment of the defendant by a police officer.

The court could reasonably have found the facts to be as follows: Detective Arthur J. Lee of the New Haven police department, on duty in civilian clothes, was standing on the corner of Edgewood Avenue and Park Street in New Haven on October 14, 1963, about midnight. The police department had received information that homosexuals were soliciting in the neighborhood of the two streets mentioned and on nearby streets. The defendant arrived at about that time, parked his car on Park Street, near Edgewood Avenue, and remained in it. The officer, without any sign or invitation from the defendant, walked over to the defendant's car and stood on the sidewalk, and a conversation was initiated between the defendant and the officer when the officer asked the defendant for the time. During the conversation, the defendant opened the passenger

door and asked the officer if he would like to sit in the car. The two continued conversing in the car, and when the officer asked the defendant what he was doing there, the defendant replied that he was waiting for a friend to have an unnatural act performed. Thereafter, the defendant stated that he had tried the unnatural act a few times but that he had had difficulty with it. The last part of this statement was elicited on direct examination of the defendant. The defendant inquired of the officer if he performed the unnatural act, and thereafter asked the officer to take a ride out of town to engage in the act. The officer revealed his identity and arrested the defendant on a charge of lewdness. The defendant at no time touched the officer nor did he do anything in furtherance of the act discussed. Only conversation took place between the defendant and the officer.

The defendant's assignments of error addressed to the finding have not been briefed and will be deemed to be abandoned. Maltbie, Conn. App. Proc. §§ 167, 327. Moreover, the defendant's rights with respect to the finding will be adequately protected by the comprehensive inquiry required by the general assignment of error directed to the finding of guilt beyond a reasonable doubt upon all the evidence. State v. Pundy, 147 Conn. 7, 8.

In his brief, the defendant raises for the first time the question of the sufficiency of the information upon which he was presented for trial. This issue was not included in his assignments of error. The court is not bound to consider any error on appeal unless the error is specifically assigned and unless the record shows that the question was raised at the trial and ruled upon by the court. Practice Book §§ 652, 1023. Therefore we cannot consider the question.

The defendant next claims error in that there is no substantive offense of lewdness. Section 53-226 defines "lewdness" to include "any indecent or obscene act." The legislature originally enacted § 53-226 as chapter 77 of the 1919 Public Acts, and the statute has continued to date in the same form. Lewdness is recognized by the Supreme Court of Errors as a statutory crime including any indecent or obscene act. *State* v. *Curtis,* 146 Conn. 365, 369. "Lewdness has been defined as the unlawful indulgence of lust. It signifies that form of immorality which has relation to sexual impurity, and is generally used to indicate gross indecency with respect to the sexual relations. . . . Particular acts and forms of lewdness constitute criminal offenses at common law and under statutes in many jurisdictions." 33 Am. Jur. 16, Lewdness, Indecency and Obscenity, § 2. "The term 'lewdness' must be given some meaning. . . . It includes immoral and degenerate conduct between persons of the same sex. . . . The acts proven are sexual, induced by a degrading passion within the meaning of 'lust' in Webster's New Int. Dict. (2d Ed.) and therefore 'lewd' within the definition of the same authority." *People* v. *Lackaye,* 348 Ill. App. 542, 544. The Supreme Judicial Court of Massachusetts has held that where indecent and unnatural acts were committed by men with others of their sex, a statute using the term "lewdness" included such acts. *Commonwealth* v. *Porter,* 237 Mass. 1. The legislature incorporated common-law lewdness into § 53-226 and defined the crime.

The defendant further claims that if in fact there is a crime of lewdness he did not commit it, since his acts were verbal and not a single physical movement or action took place. The statute includes "[a]ny person who receives, or offers or agrees to receive, any person into any place, structure, build-

ing or conveyance for the purpose of . . . lewdness . . . ." The word "offer" as used by the statute imports a proposal to commit or perform some act, and it is clear that the legislature intended to make not only the act of lewdness a crime but also the proposal or offer for the same.

The defendant's last assignment of error is a claim of entrapment of the defendant by the police officer. The defendant claims that, if an offense was committed within the statute, the officer procured the commission of it. "One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of 'entrapment.' Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent." 22 C.J.S. 138, Criminal Law, § 45(2). "[W]hen . . . the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime, in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. To the argument that the act is done at the instigation or solicitation of an agent of the government, the answer is that the intent of the detective is not to solicit the commission of the offense, but to ascertain whether or not the defendant is engaged in an unlawful business." *United States* v. *Pappagoda,* 288 Fed. 214, 220 (D. Conn.). "It clearly appears from the statement of the controlling principle that the vital factor in determining if there has been an entrapment is whether the accused was induced by the urging of a government agent to commit a crime which he would not otherwise have per-

petrated." *State* v. *Marquardt,* 139 Conn. 1, 6. The intent to commit the crime of lewdness originated in the mind of the defendant; the officer offered the opportunity. This was not entrapment of the defendant.

The state, on the evidence presented, proved beyond a reasonable doubt that the defendant offered to receive the officer into a conveyance for a lewd purpose as lewdness is defined in the statute.

There is no error.

In this opinion PRUYN and KOSICKI, Js., concurred.