THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* VINCENT GERACI et al., Defendants-Appellants.

(No. 61497; ▇▇▇▇▇▇▇)

First District (5th Division)—June 27, 1975.

*Rehearing denied July 18, 1975.*

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants appeal from a preliminary injunction enjoining them from operating the "Gaisha Bath House." They contend that the amended complaint fails to allege conduct which constitutes a public nuisance; improperly seeks to enjoin criminal conduct; and fails to allege facts sufficient to support an injunction. They further contend that the injunction lacks specificity.

On January 8, 1975, plaintiff filed a verified amended complaint seeking to enjoin defendants from operating their business and alleging that defendants operate the "Gaisha Bath House" at 4816 N. Western Avenue in Chicago; that they purport to furnish baths there but in fact provide "blatantly sexual genital stimulation"; that on July 18, 1974, Police Sergeant Henry Kramer went to the "Gaisha Bath House" and after paying $25 "was taken into a small room in the premises where a completely nude female offered to and did in fact fondle and stroke his penis"; that similar conduct occurred at the "Gaisha Bath House" on August 19, 1974, August 27, 1974, October 18, 1974, October 25, 1974, and December 27, 1974; that employees of the "Gaisha Bath House" have been arrested on at least six separate occasions for violating section 192—1 of the Municipal Code of Chicago (Chicago, Ill., Mun. Code, ch. 192, par. 1); that plaintiff has no adequate remedy at law since such arrests have had no effect and such blatantly sexual conduct continues despite the irreparable injury being suffered by the citizens of Chicago; and that such conduct "is deleterious and a menace to the health, safety, or general welfare of the community and constitutes a public nuisance." Plaintiff also filed a verified motion for a temporary restraining order. The complaint and the motion were verified by Chicago Police Officer Jerry P. Leahy who on oath stated that "he has knowledge of the statements and allegations in the foregoing complaint and that such allegations are true in substance and in fact." The trial court entered a temporary restraining order, to expire on January 18, 1974, enjoining defendants "from operating [the 'Gaisha Bath House'] where illegal, lewd and blatantly sexual genital stimulation is occurring."

On January 17, 1975, defendants filed a motion to strike and dismiss the amended complaint and a motion to vacate and set aside the temporary restraining order raising substantially the same issues raised on appeal.

On the same day, plaintiff filed a verified motion for a preliminary injunction based upon the amended complaint and defendants renewed their objections.

After hearing arguments of counsel, the trial court denied defendants' motions and ordered them to answer the amended complaint. The court also entered a preliminary injunction holding that "the blatantly sexual conduct purported to be baths that is occurring at the premises located at 4816 N. Western Avenue, Chicago, Illinois, constitutes a public nuisance" and enjoined defendants during the pendency of the proceedings "from operating this purported bath house at 4816 N. Western Avenue, Chicago, Illinois, where illegal, lewd, and blatantly sexual genital stim-

ulation is occurring." Defendants appeal from the entry of the preliminary injunction.

Opinion

In the instant case, defendants did not file an answer to the amended complaint. Therefore, no evidentiary hearing was required. (See *Centennial Laundry Co. v. West Side Organization*, 34 Ill.2d 257, 215 N.E.2d 443.) Instead, they filed a motion to strike and dismiss. Accordingly, the well-pleaded factual allegations of the amended complaint must be taken as true. (*H. K. H. Development Corp. v. Metropolitan Sanitary District*, 47 Ill.App.2d 46, 196 N.E.2d 494; *Dunne v. County of Rock Island*, 273 Ill. 53, 112 N.E. 342.) Thus, we are presented only with questions of law.

Defendants contend that plaintiff's amended complaint failed to allege conduct constituting a public nuisance. Their contention may be summarized as follows: (1) The legislature must define a public nuisance. (2) Since the legislature has not defined masturbatory massage parlors* to be public nuisances, masturbatory massage parlors are not public nuisances.

■■ Defendants' initial proposition is erroneous. Notwithstanding contrary dicta in the case of *People v. Goldman*, 7 Ill.App.3d 253, 287 N.E. 2d 177, the legislature need not define a public nuisance. A public nuisance is a separate and distinct civil cause of action under the common law, unrelated to legislative enactments. *People ex rel. Dyer v. Clark*, 268 Ill. 156, 108 N.E. 994.

Moreover, defendants' argument is based upon their assumption that their conduct is not "prostitution" under the laws of nuisance. They rely solely upon the definition of "prostitution" under the Criminal Code which defines the term to mean acts of "sexual intercourse'" or "deviate sexual conduct" for money. (Ill. Rev. Stat. 1973, ch. 38, par. 11—14.) "Deviate sexual conduct," for purposes of the Criminal Code, "means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another." (Ill. Rev. Stat. 1973, ch. 38, par. 11—2.) Thus, by omission, "prostitution," under the Criminal Codes, does not expressly include the type of commercial conduct involved in the instant case—acts of sexual gratification involving the sex organs of one person and the hand of another.

However, defendants' reliance upon the definition of "prostitution"

---

* We use the term "masturbatory massage parlor" to mean a commercial enterprise which masturbates its customers. The fact that such an enterprise calls itself a bath house rather than a "massage parlor" is irrelevant. The "Gaisha Bath House" is clearly a masturbatory commercial enterprise.

under the Criminal Code is misplaced. They have ignored section 1—4 of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1—4) which specifically provides:

"This code does not bar, suspend, or otherwise affect any * * * other remedy authorized by law to be * * * enforced in a civil action, for any conduct which this Code makes punishable * * *."

Thus, the civil remedy for nuisance is not affected by the definition of prostitution under the Criminal Code. This statute is consistent with the rule that a cause of action in nuisance is unrelated to legislative enactments as discussed above (See *People ex rel Dyer v. Clark*, 268 Ill. 156, 108 N.E. 994.) The definition of "prostitution" under the Criminal Code does not limit actions in nuisance.

■■ Under the common law, houses of prostitution are nuisances. (*People ex rel. Dyer v. Clark*, 268 Ill. 156, 108 N.E. 994.) The activities of a house of prostitution unquestionably involve commercial sexual acts of every sort, including commercial acts of sexual gratification involving the sex organs of one person and the hand of another. Clearly, masturbatory massage parlors, such as the one in the instant case, are engaged in commercial acts of sexual gratification involving the sex organs of one person and the hand of another. Therefore, such parlors are, in essence, specialized houses of prostitution. Specialization in no way changes the real nature of the enterprise; they are still engaged in commercial sexual acts. Accordingly, masturbatory massage parlors are public nuisances and may be enjoined. See *Toushin v. City of Chicago*, 23 Ill.App.3d 797, 320 N.E.2d 202.

Defendants' contention lacks merit for another reason; their second proposition, that the legislature has not defined masturbatory massage parlors to be public nuisances, is also erroneous. Both the legislature and the Chicago City Council *have* declared masturbatory massage parlors to be nuisances.

■■ The Illinois legislature enacted a public nuisance act. Section 1 of that act (Ill. Rev. Stat. 1973, ch. 100½, par. 1) provides:

"That all buildings and apartments * * * used for purposes of *lewdness, assignation,* or *prostitution,* are hereby declared to be public nuisances, and *may* be abated as hereinafter provided." (Emphasis added.)

This statute was not intended to displace common-law actions to abate nuisances. (See *People ex rel. Dyer v. Clark*, 268 Ill. 156, 108 N.E. 994.) We note that the instant action was not brought pursuant to this Act.

Also, the Chicago City Council has declared masturbatory massage parlors to be nuisances. Section 192—1 of the Municipal Code (Chicago, Ill., Mun. Code, ch. 192, par. 1) provides:

"Every house of ill-fame or house of assignation where men and women resort for purpose of *fornication, prostitution,* or *lewdness* is hereby declared a nuisance. (Emphasis added.)

We note that the amended complaint does refer to this ordinance.

Defendants argue that these enactments do not apply to masturbatory massage parlors. They say that the terms "prostitution" and "lewdness" used in both enactments do not include acts of sexual gratification involving the sex organs of one person and the hand of another. Alternatively they state that those terms, especially the term "lewdness," are vague and fail to apprise them of what is prohibited.

However, we find no confusion in the meaning of these terms. Although traditionally the term "lewdness" is viewed as being broader than and including the term "prostitution" (*People v. Lackaye,* 348 Ill. App. 542, 109 N.E.2d 390, *opinion adopted by Illinois Supreme Court,* 1 Ill.2d 618, 116 N.E.2d 359), such terms refer to the same general class of activities which are normally associated with houses of prostitution (or whatever such establishments may be called). They are intended to designate and prohibit sex acts of whatever nature which are performed for money.

■■ In so holding, we find no essential inconsistency with the holding of the court in *People v. Goldman,* 7 Ill.App.3d 253, 287 N.E.2d 177, an obscenity case relied upon by defendants. *Goldman* determined that the Illinois public nuisance act and the term "lewdness" does not apply to persons who sell pornography. We conclude that both the Illinois public nuisance act and section 192—1 of the Municipal Code of Chicago are applicable to masturbatory massage parlors.

Therefore, based both on common law and on statute, masturbatory massage parlors are public nuisances and may be enjoined. The trial court's determination in this regard was correct.

■■ Defendants next contend that the amended complaint improperly seeks to enjoin criminal conduct. They suggest that plaintiff seeks only to enforce the criminal law. Although equity will not ordinarily enjoin criminal conduct (*People ex rel. Barrett v. Fritz,* 316 Ill.App. 217, 45 N.E.2d 48), where criminal prosecution is ineffective, equity may act. (*Toushin v. City of Chicago,* 23 Ill.App.3d 797, 320 N.E.2d 202; *People ex rel. Dyer v. Clark,* 268 Ill. 156, 108 N.E. 994.) In the instant case, the criminal laws are ineffective in dealing with this type of nuisance particularly since the Criminal Code is inapplicable to the specialized acts of prostitution as alleged here. In these circumstances, we cannot say that the trial court abused its discretion in issuing a preliminary injunction enjoining defendants' enterprise.

■■ Defendants further contend that the amended complaint fails to

allege facts sufficient to support an injunction. They argue that it relies upon conclusions and was improperly verified. While conclusions and allegations based upon information and belief will not support an injunction (*Phelan v. Wright*, 54 Ill.App.2d 178, 203 N.E.2d 587), we do not find the instant complaint deficient. Although the terms "blatantly sexual genital stimulation" are used in the complaint, the terms are sufficiently specific and are explained in the context of the other allegations in the complaint. The complaint sufficiently defines the course of conduct in which defendants are engaged on their premises, specifically—the fondling and stroking of the male sex organs for money. Moreover, the complaint was verified by Officer Leahy upon his personal "knowledge." Although the name of another officer is mentioned in the complaint, the complaint is not limited to one incident, but rather refers to a series of events and a continuing course of conduct of which Officer Leahy has stated under oath he has knowledge. The allegations in the complaint are sufficient to support the injunction.

Defendants finally contend that the injunction lacks specificity. The law is clear that injunctions must specifically inform the parties enjoined regarding what is prohibited. We find that the injunction was specific and defendants clearly were enjoined during the pendency of the prosecution from operating their business at a specific location in the City of Chicago because it is a public nuisance.

The order of the trial court is affirmed.

Affirmed.

BARRETT, P. J., and SULLIVAN, J., concur.