THE VILLAGE OF BENSENVILLE, Plaintiff-Appellee, v. BOTU, INC., *et al.*, Defendants-Appellants.

Second District (1st Division)   No. 75-95

Opinion filed June 28, 1976.

Dom J. Rizzi, Philip Lieb, and Michael W. Rathsack, all of Chicago, for appellants.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendants, the Botu Corporation and its agents and employees (hereinafter Botu), were permanently enjoined from operating a purported health club within the village. Botu contends that the amended complaint and the proofs were insufficient to sustain the injunction.

After a temporary injunction was issued, a hearing was held upon stipulated facts and the permanent injunction order was then entered. The stipulated facts were, essentially, that on January 8, 1975, defendant began operation under a license granted to it by the plaintiff to operate a health club. In fact, the activities which took place were of a sexual nature. Defendant employed only female "masseuses," who, while completely nude, would administer body massages to customers at a charge of $20 per one-half hour visit. The massages consisted of genital stimulation. There was no other activity during the operation of the business other than the sexual massages.

The village sent a cease and desist notice to Botu alleging that the business constituted an imminent danger to the public morals of the community. Following this the village president sent a second letter stating that due to defendants' repeated violation of the Bensenville Village Code its license was thereby revoked. Several of plaintiff's police officers then went to the business and closed it by padlocking the doors. The village filed its complaint for a preliminary and permanent injunction on the date of the closing, and on the same date Botu filed its complaint for a temporary and permanent injunction, seeking to have the village restrained from revoking its license and otherwise interfering with its business operation.

In granting the injunction the trial court found that defendants' female employees provided what it characterized as "sensitivity rubs" which involved sexual genital stimulation. Further, the court concluded that these "sensitivity rubs" gravely offended the public morals and decency of the community. In this appeal defendants' main argument is that a public nuisance is confined to a physical injury to the senses and that since the services that it provides are voluntarily received and are not performed in public view they do not constitute any physical injury to the senses of the public. Defendants contend that since its activity does not constitute a public nuisance the judgment may not be sustained. Defendants also contend that the village has an adequate remedy at law in the form of levying a fine under its licensing statute. Finally, defendants contend that the license was improperly revoked because it was done without notice or prior hearing and under an ordinance which did not contain adequate standards.

■■ Under either the ordinances of the village of Bensenville or the common law the amended complaint and the stipulated proofs are

sufficient to sustain the trial court's finding that the defendants' acts constituted a public nuisance which the village could abate. The village ordinance was enacted pursuant to the authority given in section 11—60—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—60—2) which gives corporate authorities the power to define, prevent and abate nuisances. Section 12.02(3) of the village ordinance defines public nuisance as a condition or use of property which greatly offends the public morals or decency. Contrary to Botu's contention, the definition of a public nuisance is not confined to a physical injury to the senses. See e.g., *City of Chicago v. Shaynin*, 258 Ill. 69, 72 (1913). *Cf. Village of Gurnee v. Depke*, 114 Ill. App. 2d 162, 166-7 (1969).

Defendants have suggested that the village is not empowered to define the conduct here involved as a public nuisance because it is not specifically enumerated in the Public Nuisance Act (Ill. Rev. Stat. 1973, ch. 100½, par. 1). We do not agree that the Public Nuisance Act is all inclusive and excludes all other acts which may similarly offend public decency. (See *People ex rel. Dyer v. Clark*, 268 Ill. 156, 162 (1915). See also *City of Chicago v. Geraci*, 30 Ill. App. 3d 699, 703-04 (1975).) Moreover, there exists a common law right of action to abate a public nuisance independent of any statutory right. See *City of Chicago v. Geraci*, at 702; *Toushin v. City of Chicago*, 23 Ill. App. 3d 797, 803 (1974).

■■ Defendants' contention that the injunction should not have been granted because the village has an adequate legal remedy to levy fines for violation of license requirements is likewise without merit. While the second count of the amended complaint alleges that defendants' activities were in violation of the license, the judgment was not based on this count but rather on the allegations of count I which allege that the activities constituted a public nuisance. The judge made no finding as to whether defendants had violated the terms of their license by engaging in the contested activities. Thus the legal remedy provided for license violations in the form of a fine is irrelevant to the relief granted. In addition, the Bensenville Village Code provides that the village may seek court action in order to abate a nuisance (Bensenville Village Code, ch. 12, par. 12.03(c)). Moreover, the imposition of a fine would not amount to an adequate legal remedy under the facts of this case. The maximum fine allowed would be $200 per day and it is quite foreseeable that it would be possible to pay the fine and still profit from the enterprise. Thus, the fine would not assure the abatement of the nuisance.

■■■ Defendants' final contention is that when the village closed the business by padlocking the doors it violated defendants' due process rights by not allowing a hearing on the question of whether the license provisions were violated. The simple answer to this contention is that the

plaintiff's act of padlocking the doors was not an attempt to revoke the defendants' license but an attempt to abate the nuisance. The procedure followed was that provided under the Bensenville Village Code for summary abatement of nuisances (see Bensenville Village Code, ch. 12, par. 12.03(b)) which essentially provides that if an inspecting officer determines that a public nuisance exists notice shall be served on the owner of the property and the owner shall have 24 hours within which to abate the nuisance. The letters written by the village president to the defendants, while they mention the revocation of the license, conform to the procedure specified in the abatement ordinance. The village may summarily abate a nuisance in the exercise of its police power for the purpose of preserving the public health and morals. See *Sings v. City of Joliet,* 237 Ill. 300, 310-11 (1908); see generally 58 Am. Jur. 2d *Nuisances* §§195-98 (1971), and Annot., 14 A.L.R. 2d 73, §§1-3 (1950).

For the reasons stated we conclude that the trial court properly issued the permanent injunction. The judgment is affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.